UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY C. HAITHCOX #207322,

       Plaintiff,                          Case No. 06-11756

v.                                    District Judge Arthur J. Tarnow
                                       Magistrate Judge R. Steven Whalen

MARY GREINER, M.D., et al.,

       Defendants.

_____/

## ORDER DENYING MOTION TO COMPEL

Before the Court is Defendants' Motion to Compel Discovery [Docket #79]. F.R.Civ.P. 37(a)(2)(B) requires that in a motion to compel discovery, "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action." Likewise, E.D. Mich. L.R. 7.1 requires a moving party to seek concurrence before filing a motion in this Court. If concurrence is not obtained, L.R. 7.1(a)(2) requires that the motion state that "there was a conference between attorneys or unrepresented parties in which the movant explained the nature of the motion and its legal basis and requested but did not obtain concurrence in the relief sought," or "despite reasonable efforts specified in the motion, the movant was unable to conduct a conference." Finally, L.R. 37.2 provides:

> "Any discovery motion filed pursuant to Fed.R.Civ.P. 26 through 37, shall include, in the motion itself or in an attached memorandum, a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion."

In this case, the Defendants do not state in their motion whether concurrence was sought before filing the motion.  Nor does the motion include any information regarding the interrogatories or requests to produce, other than proof of service on the Plaintiff.  Thus, Defendants' motion has been filed in violation of the above rules. "It is not up to the Court to expend its energies when the parties have not sufficiently expended their own."  *Hasbro, Inc. v. Sarafino*, 168 F.R.D. 99, 101 (D. Mass. 1996). Moreover, I note that institutional defendants in this district, including Correction Medical Services, Inc., are quick to insist that procedural rules be enforced strictly against *pro se* prison inmates who file suit against them.  There is no reason to relax the rules when it is the defendant rather than the plaintiff who has failed to comply.  *See Marsh v. Richardson*, 873 F.2d 129, 131 (6th Cir. 1989).

Accordingly, Defendants' motion to compel discovery [Docket #79] is DENIED.

SO ORDERED.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated:  April 24, 2009

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on April 24, 2009.

S/G. Wilson
Judicial Assistant

-2-