UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY C. HAITHCOX #207322,

    Plaintiff,                                      Case No. 06-11756

v.                                                District Judge Arthur J. Tarnow
                                                      Magistrate Judge R. Steven Whalen

MARY GREINER, M.D., et al.,

    Defendants.

_____/

# REPORT AND RECOMMENDATION

On April 12, 2006, Plaintiff Timothy C. Haithcox filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Following the appointment of *pro bono* counsel, the parties stipulated that the complaint could be amended, and on February 22, 2007, an amended complaint was filed [Docket #35]. Plaintiff's counsel later withdrew, as did substitute *pro bono* counsel, and Plaintiff is once again proceeding *pro se*.

Before the Court is a motion for summary judgment [Docket #117] filed by the Defendants Antonio Melvin and Candra Price. The motion has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Although Plaintiff was ordered to file a response and opposing affidavits on or before April 23, 2010, he has not done so to date.

For the reasons discussed below, I recommend that the motion be GRANTED, and that the complaint be DISMISSED WITH PREJUDICE. I also recommend that Defendant Carolyn Duboc be DISMISSED sua sponte, pursuant to 28 U.S.C. § 1915(e)(2)

# I. FACTS

At the time of the events described in the amended complaint, Plaintiff was a prison inmate in the custody of the Michigan Department of Corrections.[1] The complaint centers on a claim of deliberate indifference to Plaintiff's medical needs, specifically his ocular problems, in violation of the Eighth Amendment.[2] The complaint describes a number of medical procedures, including surgeries, involving his vision. The last was on April 4, 2005, when he was returned to Hutzel Hospital for emergency surgery.

The allegations against Defendants Melvin and Price are contained in ¶¶ 33 and 65 of the amended complaint, which read as follows:

> "33. On or about April 24, 2005 Mr. Haithcox was returned to Duane Waters Hospital after having been hospitalized at the Hutzel Hospital for emergency eye surgery. A prescription had been given to the transporting officers for Mr. Haithcox to taken (sic) upon his return. That evening, Mr. Haithcox was transported back to the Jackson Facility where he notified the correction officers on duty of his condition. He went to bed and upon awakening in pain, requested pain medication from Defendant Melvin and Defendant Price. Both officers deliberately ignored Mr. Haithcox's requests, and he was never given any pain medication."
>
> 65. As described herein, Defendants Melvin and Price intentionally failed to notify medical officials of severity of Mr. Haithcox's pain and medical problems, withheld medication causing serious and unnecessary pain. Their actions were a direct violation of MDOC Policy Directive 03.04.100(CC), and constitute a deliberate indifference to Mr. Haithcox's emergent medical condition."

Defendant Melvin has submitted an affidavit, attached to the Defendants' motion as Exhibit B. He states that on the evening of April 24, 2005, while making his rounds, Plaintiff contacted him regarding eye pain. Melvin was aware that Plaintiff had

---

[1] Plaintiff has been paroled. According to the Offender Tracking and Information System ("OTIS"), he is classified as a parole absconder.

[2] On March 31, 2010, the Court adopted my previous Report and Recommendation, and granted summary judgment to Defendants Correctional Medical Services and Dr. Mary Greiner.

undergone surgery, and noted swelling in his eye. Melvin called Plaintiff's doctor at Duane Waters Health Care, and was informed that Plaintiff had one more pain treatment, and would have to "walk over to the ER to receive the treatment." Melvin went to Plaintiff's cell and told him to get dressed so they could walk to Health Care. Plaintiff declined to go, saying that he was nauseous. Later, Plaintiff told Melvin he was ready to go, and Melvin informed him they could go when Officer Price returned from lunch. When Price returned, Melvin told her to take Plaintiff to Health Care. However, Plaintiff refused to get dressed and go to Health Care with Price. Plaintiff later told Melvin that he did not go with Price because he did not like her.

Officer Price also filed an affidavit, attached to the motion as Exhibit C. Price states that on the date in question, when she returned from lunch, she encountered Plaintiff "standing up and yelling loudly." When she asked Plaintiff what he wanted, he replied, "Never mind." He showed no visible signs of pain at the time, and he refused to accompany her to the Duane Waters Health Center.

## II. STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If, after sufficient opportunity for discovery, the non-moving party cannot meet that burden, summary judgment is clearly proper. *Celotex Corp.*, 477 U.S. at 322-23.

### III. DISCUSSION

#### A. General Principles

The Supreme Court has held that Under the Eighth Amendment, prisoners have a constitutional right to medical care. *Estelle v. Gamble,* 429 U.S. 97, 103; 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Prison officials may not act with deliberate indifference to the medical needs of their prisoners. *Id.* at 104. An Eighth Amendment claim has two

components, one objective and the other subjective. *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Comstock v. McCrary,* 273 F.3d 693, 702 (6th Cir. 2002). Under the objective component, "the plaintiff must allege that the medical need at issue is 'sufficiently serious.'" *Id.* Under the subjective component, "the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id.* Deliberate indifference may be established by showing an interruption of a prescribed plan of treatment, or a delay in medical treatment. *Id.*; *Caldwell v. Moore*, 968 F.2d 595, 602 (6th Cir. 1992). With respect to prison guards, *Estelle* stated that "deliberate indifference to serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain...by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle*, 429 U.S. at 105.

### B.     Defendants Melvin and Price

I will assume, as I did in Dr. Greiner's motion, that Plaintiff meets the objective prong of the test in that he had a sufficiently serious medical condition. However, he fails the subjective prong. The affidavits of Melvin and Price show that they did not intentionally delay or deny Plaintiff's access to pain medication, and were not deliberately
indifferent to his medical needs. Rather, the affidavits show that they were attentive to his needs, calling his doctor to verify that he could obtain pain medication, and asking that he get dressed so that Melvin or Price could accompany him to Health Care. Plaintiff twice refused to go with them. If he continued to suffer pain, it was self-inflicted.

Finally, I note again that Plaintiff has failed to respond to the summary judgment

motions, and has not filed any opposing affidavits or other material supporting the allegations in his complaint. In this regard, Fed.R.Civ.P. 56(e) provides:

> "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by deposition, answers to interrogatories, or further affidavits. *When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.*" (Emphasis added).

Melvin's and Price's affidavits stand unrebutted. It is therefore "appropriate" to enter summary judgment in their favor as to the Eighth Amendment claims.

Likewise, the claim of intentional infliction of emotional distress (Count III) should be dismissed. To establish a Michigan common law claim of intentional infliction of emotional distress, a plaintiff must show "(1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress." *Graham v. Ford*, 237 Mich.App. 670, 674, 604 N.W.2d 713 (1999). *See also Roberts v. Auto-Owners Insurance Co.*, 422 Mich. 594, 374 N.W.2d 905 (1985). Liability under this theory requires that the conduct complained of "has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Graham*, 237 Mich.App. at 674. This is a demanding standard: It is not sufficient to show that the defendant acted tortiously, intentionally, or even criminally. *Id.* The test has been described as whether "the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" *Roberts*, 422 Mich.

at 603.

Melvin's and Price's unopposed affidavits show that they were appropriately attentive to Plaintiff's medical needs, and were certainly not deliberately indifferent. Their conduct certainly does not constitute intentional infliction of emotional distress.

### C. Defendant Duboc

Plaintiff's amended complaint also names Carolyn Duboc, the Regional Health Care Administrator for the MDOC, as a Defendant. Plaintiff states that "Defendant Duboc is being sued in her official capacity." *Amended Complaint*, ¶ 7.

Defendant Duboc has not been served with a summons and complaint. Nevertheless, the claims against her may be dismissed *sua sponte* at this time. Because the Plaintiff requested and has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a), his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides as follows:

> "[T]he court shall dismiss the case at any time if the court determines that-
>
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal-
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief."

This provision applies to all IFP cases, and empowers the Court to *sua sponte* dismiss those complaints that are frivolous or fail to state a claim on which relief can be granted. *Benson v. O'Brian,* 179 F.3d 1014,1015 -1016 ( 6th Cir. 1999) ("If a complaint falls within the requirements of § 1915(e)(2) when filed, the district court should *sua sponte* dismiss the complaint"); *McGore v. Wrigglesworth,* 114 F.3d 601, 612 (6th Cir. 1997). A case is frivolous if it lacks arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

In addition a Court may dismiss a frivolous complaint for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). "[A] district court may, at any time, *sua sponte*, dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

Defendant Duboc is named only in her official capacity. Under the Eleventh Amendment, a State or an agency of a State is protected from a suit in federal court for monetary damages by sovereign immunity. *Alden v. Maine*, 527 U.S. 706, 713, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999). Eleventh Amendment immunity extends to state officials or employees sued in their official capacities. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005).

It is true that "immunity does not apply if the lawsuit is filed against a state official for purely injunctive relief enjoining the official from violating federal law." *Ernst v. Rising,* 427 F.3d at 358 -359. Plaintiff, however, has not requested injunctive relief. But even if he had, and even assuming that his underlying claims had merit, Plaintiff has been released on (and has absconded from) parole. This renders any request for injunctive relief moot. *See Kensu v. Haigh,* 87 F.3d 172, 175 (6th Cir.1996).

Therefore, the claims against Defendant Duboc should be *sua sponte* dismissed.

### IV.   CONCLUSION

For these reasons, I recommend that Defendants Melvin's and Price's motion for summary judgment [Docket #117] be GRANTED. I further recommend that the claims against Defendant Duboc be DISMISSED SUA SPONTE, and the amended complaint be

DISMISSED in its entirety.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof, including weekends and intervening holidays, as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, including weekends and intervening holidays, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

        s/R. Steven Whalen
        R. STEVEN WHALEN
        UNITED STATES MAGISTRATE JUDGE

Dated: August 17, 2010

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 17, 2010.

s/Susan Jefferson
Case Manager